NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

*In the Matter of:*

YVONNE BOOK, BRUCE REIGELSPERGER, KEVIN O'CONNELL TRUST,

BART V. WHILES, et al., *Plaintiffs/Appellees,*

*v.*

GORDON KEITH JONES, et al., *Defendants/Appellants.*

JAMES BRUCE HENDERSON, et al., *Intervenors/Appellees.*

No. 1 CA-CV 20-0508
FILED 8-5-2021

Appeal from the Superior Court in Maricopa County
No. PB2014-070659
The Honorable Lisa Ann VandenBerg, Judge

**AFFIRMED**

COUNSEL

Kenneth M. Rudisill Attorney at Law, Peoria
By Kenneth M. Rudisill
*Counsel for Plaintiffs/Appellees*

Mazza Law PLC, Scottsdale
By Stephen J.P. Kupiszewski

The Law Office of Libby Banks PLLC, Phoenix
By Libby Houghland Banks
*Co-Counsel for Defendants/Appellants*

Snell & Wilmer LLP, Phoenix
By Kevin J. Parker, Kevin W. Wright
*Counsel for Plaintiffs/Appellees Marquette University and Saint Leo University*

---

**MEMORANDUM DECISION**

---

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge D. Steven Williams and Judge James B. Morse Jr. joined.

---

**S W A N N**, Judge:

**¶1** The superior court determined that our previous appellate decision in this matter did not compel the court to unwind a select portion of a settlement agreement entered in a different case. We agree, and we therefore affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2** Kevin O'Connell created a trust (the "Trust") that provided for the payment of specific cash gifts to four employees (the "Primary Beneficiaries") and the distribution of the residual Trust assets to two universities (the "Residuary Beneficiaries"). When O'Connell died, Gordon L. Jones became trustee in accordance with the terms of the Trust and he designated his son, Gordon Keith Jones, as co-trustee.

**¶3** In 2014, several of the Primary Beneficiaries filed a complaint against the Joneses, alleging that the Joneses had breached their fiduciary duties by misappropriating trust assets for their own benefit and by failing to distribute the specific cash gifts. Each of the four Primary Beneficiaries ultimately signed a settlement agreement, which the court reduced to a written order. As part of the settlement agreement, Gordon L. Jones appointed Bart Whiles and Clark Leuthold as co-trustees (the "Successor Trustees") and both Joneses resigned. Though the Residuary Beneficiaries attended the settlement conference through counsel, the Settlement Order

included specific language acknowledging that they were neither parties to the settlement agreement nor bound by its terms.

¶4        In 2015, the Successor Trustees initiated an action against the Joneses and other defendants (collectively, the "Defendants"), alleging breach of fiduciary duty, civil conspiracy to commit fraud, aiding and abetting fraud, and constructive trust.   The superior court denied the Joneses' petition to enforce the terms of the 2014 settlement agreement and dismissed the new action, and further ordered both sides to bear their own attorney's fees.

¶5        In 2019, on appeal and cross-appeal, we held that the settlement agreement in the 2014 case did not preclude the Successor Trustees from bringing the new action on behalf of the Residuary Beneficiaries.  *Matter of Book*, 1 CA-CV 18-0296, 2019 WL 2394259, at *4, ¶¶ 14–15 (Ariz. App. June 6, 2019) (mem. decision).  We affirmed the denial of the petition to enforce but vacated the denial of attorney's fees and remanded for reconsideration on fees.  *Id.* at *6, ¶ 23.

¶6        Certain language in this court's decision regarding the enforceability of the settlement agreement led the Successor Trustees to petition the superior court for a confirmation of their appointment, which had been made under the settlement agreement.  The Defendants objected. The court confirmed the Successor Trustees' appointment, holding in a signed final judgment:

> This Court is not sure that it agrees there was a necessity for such a [petition confirming the Successor Trustees' appointment]. . . . This Court . . . reads the Court of Appeals . . . . decision to be specific in simply denying the Jones Defendants claim that the Settlement prevents [the Successor Trustees] from bringing the 2015 Case and nothing more.  The Court of Appeals ruled that to the extent the Jones Defendants thought that the Settlement could prevent non-parties from raising claims regarding their activities as Trustees, it does not.   While the Jones Defendants argue that this ruling disrupts the Settlement regarding the 2014 Case, this Court finds that it does not. . . .
>
> Contrary to the Jones Defendants argument, the Court of Appeals Decision did not determine that the Settlement was unenforceable but rather clarified to whom it could be binding and enforceable.

. . . .

> . . . . [T]he Settlement entered to resolve the 2014 Case
> provided that Gordon L. Jones appointed Bart Whiles and
> Clark Leuthold as Co-Trustees and . . . such appointment has
> not been demonstrated to be disrupted by controlling ruling
> of the Superior Court or the Arizona Court of Appeals
> Division 1. The Court therefore finds that the Maricopa
> County Superior Court accepted on November 20, 2014 that
> Bart Whiles and Clark Leuthold were duly appointed as Co-
> Trustees and that the Settlement, entered and Court's Order
> reflecting such, issued on November 20, 2014 remains in
> effect.

The Defendants appeal.

## DISCUSSION

**¶7** The Defendants contend that this court's 2019 decision established that the settlement agreement in the 2014 case was wholly void and unenforceable. Therefore, the Defendants contend, the Successor Trustees' appointment was never valid and they can no longer continue.

**¶8** The Defendants rely on the "law of the case" doctrine. Under that doctrine, "the decision of an appellate court in a case is the law of that case on the points presented throughout all the subsequent proceedings in the case in both the trial and the appellate courts." *State v. Bocharski*, 218 Ariz. 476, 489, ¶ 60 (2008) (citation omitted). But "[i]n order for a decision in a prior appeal to become the law of the case in all subsequent stages of the same action, including a later appeal, the facts, issues, and evidence in the later actions must be substantially the same as those on which the first decision was based." *Leo Eisenberg & Co. v. Payson*, 162 Ariz. 529, 533 (1989). Extraneous dicta does not become the law of the case. *See id.* at 534; *see also Phelps Dodge Corp. v. Ariz. Dep't of Water Resources*, 211 Ariz. 146, 152, ¶ 21 n.9 (App. 2005) ("'Obiter dictum' . . . is '[a] judicial comment made during the course of delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential (although it may be considered persuasive).'" (citation omitted)). Nor does the law of the case doctrine apply to matters "expressly reserved" or to decisions that are "ambiguous and uncertain." *In re Monaghan's Estate*, 71 Ariz. 334, 336 (1951).

**¶9** This court's 2019 decision (rendered by a different panel) addressed a discrete dispute: "whether [the] settlement agreement entered

into between [the Joneses] . . . and four primary beneficiaries of a trust is binding upon successor trustees when the contingent beneficiaries were not parties to the settlement agreement." *Matter of Book*, 1 CA-CV 18-0296, at *1, ¶ 1. We concluded that the settlement agreement did not preclude the Successor Trustees from bringing the Residuary Beneficiaries' claims because the Residuary Beneficiaries were not parties to the agreement and its releases, as applied to the Successor Trustees, were unenforceable as violative of legislation and public policy. *Id.* at *4, ¶¶ 14–15. Resolving the issue presented, we held: "the settlement agreement cannot be applied to prevent the Successor Trustees from bringing the 2015 Case on behalf of the Contingent [or Residuary] Beneficiaries." *Id.* at ¶ 15.

**¶10** We then went on to discuss the effect of the unenforceable releases on the balance of the settlement agreement. *Id.* at ¶¶ 16–17. Relying on the absence of a severability provision, we concluded that the unenforceable releases rendered "the entirety of the settlement agreement unenforceable." *Id.* In response to the Joneses' position at oral argument that such a result would unwind their resignation and the Successor Trustees' appointment, we suggested that the proper remedy might be monetary damages. *Id.* at ¶ 17. We did *not*, however, implement any remedy—instead, we expressly noted that "the claims and consequences that might arise from our decision are beyond the scope of this appeal." *Id.* Consistent with that statement, we gave effect *only* to the specific holding regarding the facial viability of the 2015 case—we affirmed the denial of the Defendants' petition to enforce the settlement agreement to bar the 2015 case, and we vacated and remanded on a fees issue in that case, but we did *not* reinstate the 2014 case or otherwise take any action to give legal effect to our description of the settlement agreement as wholly unenforceable. *See id.* at *1, 6, ¶¶ 1, 23. Accordingly, we conclude today that those remarks were not the law of the case—they were, instead, nothing more than dicta regarding an extrinsic issue that was not veritably decided or given legal effect.

**¶11** The superior court correctly held that our 2019 decision did not require disruption of the Successor Trustees' appointment. Further, we reject the Defendants' contention that the appointment of non-corporate Successor Trustees was invalid under the terms of the Trust. Section 4.1 of the Trust broadly authorized Gordon L. Jones to appoint "a Co-Trustee or Co-Trustees to serve together with him or to serve as successor Trustee or successor Co-Trustees," without limitation regarding the type of appointee. Appointment of a corporate trustee was required only if Gordon L. Jones was "not serving as Trustee for any reason and no appointment of a successor Trustee has been made by him," and the default successor trustee,

Northern Trust, NA, was "not serving as successor Trustee for any reason"—which was not the case when the Successor Trustees were appointed.

¶12     We finally note that the Defendants have never pursued reinstatement of the Primary Beneficiaries' 2014 case based on the theory that the settlement agreement was unenforceable.  Instead, they sought to unwind select provisions of the settlement agreement in the context of the 2015 case only, to the effect that one of their own would be placed in a position to direct the dismissal of the claims against them in that case.  In other words, they seek to continue to avoid liability under the settlement agreement in one case while positioning themselves to evade liability in another case under the theory that the settlement agreement is invalid.  We will not condone such a blatant attempt at self-dealing.

## CONCLUSION

¶13     We affirm the superior court's order confirming the Successor Trustees' appointment.

¶14     We deny the Defendants' request for attorney's fees on appeal under A.R.S. §§ 14-11004, 12-341.01, and 12-349.  The Defendants are ineligible for fees under § 14-11004 because they are non-trustees, they are not the prevailing parties under § 12-341.01, and there is no argument or support in the record for an award under § 12-349.  In exercise of our discretion, we deny the Successor Trustees' request for sanctions under ARCAP 25; we further deny their request for attorney's fees under § 14-11001(B)(3), and the Residuary Beneficiaries' request for fees under § 14-11004, because the Defendants are non-trustees.  In exercise of our discretion, we also deny the Successor Trustees and the Residuary Beneficiaries' request for attorney's fees under A.R.S. § 14-1105(A) and (C).

